UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Richard Blake Turner**  Docket No. 7:10-CR-92-1FL

**Petition for Action on Supervised Release**

COMES NOW John A. Cooper, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Richard Blake Turner, who, upon an earlier plea of guilty to 18 U.S.C. §§ 844(i) and 2, Arson and Aiding and Abetting, was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on February 25, 2011, to the custody of the Bureau of Prisons for a term of 42 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months. Turner commenced the term of supervised release on January 2, 2014. On April 6, 2017, Turner appeared before the court on a Motion for Revocation, and the court revoked the term of supervised release and imposed a one (1) day term of imprisonment, followed by an 18 month term of supervised release under the standard conditions of supervised release and special conditions requiring the defendant to serve 44 days of intermittent confinement, participate in mental health counseling, abide by all state court orders and domestic violence orders, continue employment and provide requested financial information and bring arrearage into compliance immediately.

Richard Blake Turner served his one day of imprisonment and was released from custody on April 28, 2017, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The probation office and Bureau of Prisons arranged a schedule for the completion of the jail time and Turner began serving the jail time in accordance with the schedule. As of this date, he has completed 27 days. However, on September 29, 2017, he failed to report for jail confinement and the Bureau of Prisons terminated all future placements. Turner was questioned about missing this jail weekend and he says he got confused about the schedule and admitted not showing up. He apologized to the probation officer and offered to serve the following weekend, but the BOP refused to reinstate his schedule without a new court order. Therefore, based on Turner's compliance with the other conditions, it is recommended the court impose a new condition requiring him to complete the remaining 17 days as arranged by the probation office and the Bureau of Prisons.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall be confined in the custody of the Bureau of Prisons for the remaining 17 days of the originally ordered 44 days of intermittent jail confinement, as arranged by the probation office and shall abide by all rules and regulations of the designated facility.

Except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ Robert L. Thornton<br>Robert L. Thornton<br>Supervising U.S. Probation Officer | /s/ John A. Cooper<br>John A. Cooper<br>U.S. Probation Officer<br>2 Princess Street, Suite 308<br>Wilmington, NC 28401-3958<br>Phone: 910-679-2046<br>Executed On: October 10, 2017 |

## ORDER OF THE COURT

Considered and ordered this __11th__ day of __October__, 2017, and ordered filed and made a part of the records in the above case.

_____
Louise W. Flanagan
U.S. District Judge